Eastern District of Kentucky
F I L E D
FEB 1 0 2014
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 13-59-HRW

LISA ANN HENSLEY,                  PLAINTIFF,

v.         **MEMORANDUM OPINION AND ORDER**

HOLIDAY INN EXPRESS & SUITES,        DEFENDANT.

This matter is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 14]. For the reasons set forth below, the Court finds that Plaintiff has not stated a claim upon which relief can be granted.

I.     BACKGROUND

Plaintiff began her employment as a Housekeeper for Holiday Inn Express & Suites in Ashland, Kentucky on October 10, 2011. Her employment was terminated on December 31, 2012. In her Complaint, she asserts claims for sexual harassment, discrimination and retaliation, presumably pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Attached to her Complaint is copy of a Charge of Discrimination filed by Plaintiff against her employer with the Equal Employment Opportunity Commission ("EEOC"), alleging retaliation, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*[1] [Docket No. 1-2]. In her Complaint, Plaintiff states that she was talking to a coworker regarding hours when someone named Missy Davis called her into the office and "blew up on

---

[1] Also attached to the Complaint is a copy of a letter from the EEOC acknowledging receipt of the charge and advising her that she will be notified if the charge will be processed [Docket No. 1-3]. There is nothing in the record which indicates whether the EEOC acted upon the charge. The void in the record begs the question of the exhaustion of administrative remedies.

her." (Docket No. 1 at p. 1). She claims that Davis did not speak to someone named Linda who was complaining about not getting enough hours as well. *Id.* She claims that when she left the office a woman named Christine, who was a friend of Davis', kept asking her how she was doing and if she felt ok. *Id.* Plaintiff alleges that she checked on a room and came down the hall when Chrissy "made 90 mile/hr with her cart as if to hit me." *Id.* Plaintiff states that she "placed a hand on her back and said I'm sorry for getting in your way after all you are the eyes & ears of the building Missy Davis would fall apart without you." *Id.* Plaintiff claims that Chrissy turned it around and said that Plaintiff followed her into a room, grabbed her rear and said something that Lacy Stevens (the General Manager) and Missy Davis still haven't informed her of. *Id.* She then alleges, "Missy had me in the office again, we had a talk I told them it's something I disapprove of." *Id.* She was told to come back the following day and talk to Peri & Bharma Thackor who did not appear. *Id.* She claims that Lacy and Missy "let her go" and she refused to sign a "writeup" for something she didn't do. *Id.* Plaintiff then claims that she was asked to sign a different "writeup" for telling a lady named Miranda "you new girls need to start stocking carts," an issue which occurred before the referenced issue. *Id.* at p. 2. She then claims that she was "falsely accused of something I didn't due [sic] and fired." *Id.*

In her Complaint, Plaintiff further claims that a person named April Neal admitted to smoking "pot" "on the lot" with other housekeepers named Suzy and Teresa Bradley, but they were not fired or reported to authorities. *Id.*

She also claims that she became tired of "homosexuality being advertised to me." *Id.* Plaintiff stated, "I feel I've been sexually harassed, by all the talk, I'd have to take my lunch breaks in my car it's all they want to talk about. I feel I deserve a lawsuit. I overheard a sexual

2

conversation between Missy & Chrissy." *Id.*

Defendant seeks dismissal of all claims alleged herein.

## II. STANDARD OF REVIEW

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. With respect to a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit Court of Appeals explained in *Estate of Ezra G. Smith v. United States*, 509 Fed.Appx. 436 (6th Cir. 2012):

> [t]he Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) that to survive a motion to dismiss under Rule 12(b)(6) a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. (internal citation omitted)...A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. (internal citation omitted)...For a complaint to survive a motion to dismiss, the non-conclusory factual content and the reasonable inferences from that content, must be plausibly suggestive of a claim entitling a plaintiff to relief. (internal citation omitted) Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not show[n]--that the pleader is entitled to relief.

*Estate of Ezra G. Smith*, 509 Fed.Appx. at 439.

"Conclusory assertions, *e.g.*, that...[the] defendants engaged in 'outrageous' and 'unlawful' behavior...are insufficient to state a claim that is plausible on its face." *Ogle v. Columbia Gas Transmission, LLC*, 513 Fed.Appx. 520, 522-523 (6th Cir. 2013). The "complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519

3

(6th Cir. 2008) (internal citation omitted). As the Sixth Circuit stated in *Bishop*:

> [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice. Even under Rule 12(b)(6), a complaint containing a statement of facts that merely creates a *suspicion* of a legally cognizable right of action is insufficient. (internal citations omitted) The factual allegations must be enough to raise a right to relief above the speculative level; they must state a claim to relief that is plausible on its face.

*Bishop*, 520 F.3d at 519 (internal citations omitted) (emphasis original).

There, dismissal is warranted if the facts alleged are insufficient to state a claim. Because a motion to dismiss is based solely upon the complaint, the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail. *See Roth Steel Prods v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).

## III. ANALYSIS

### A. The complaint is subject to dismissal under Fed.R.Civ.P. 4(m).

Rule 4(m) provides:

If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed.R.Civ.P. 4(m). The Rule has a safety valve: "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

In this case, Plaintiff served "Holiday Inn Express & Suites – Owners Mr. & Mrs. Thakor Perry & Bhauna, 13131 Slone Ct., Ashland, Ky. 41102." [Docket No. 14-2]. However, the hotel is actually operated by New Haven Hospitality, Inc., a Kentucky for-profit corporation registered with the Kentucky Secretary of State's office. Plaintiff did not serve the correct agent for service

4

of process nor did she send her summons to the hotel's correct process agent with the 120-day period allotted by Rule 4(m).

Nor has Plaintiff demonstrated good cause with regard to the improper service. Indeed, Plaintiff has not addressed this issue at all. Pursuant to Rule 4(m), it would be appropriate for this Court to dismiss this case, without prejudice, solely upon the basis of incomplete service of process. The Court has reviewed the Complaint nonetheless and finds dismissal to be warranted pursuant to Rule 12(b)(6) as well.

### B. The complaints fails to state a claim for sexual harassment due to a hostile work environment.

In order to establish a hostile work environment claim, an employee must show the following: 1) the employee is a member of a protected class, 2) the employee was subject to unwelcome sexual harassment, 3) the harassment was based on the employee's sex, 4) the harassment created a hostile work environment, and 5) the employer failed to take reasonable care to prevent and correct any sexually harassing behavior. *Bowman v. Shawnee State University*, 220 F.3d 456, 463.

There is no dispute that Plaintiff, a female, is the member of a protected class. However, that is as far as Plaintiff's claim succeeds in stating a claim upon which relief can be granted. Although Plaintiff states that she was subjected to unwelcome sexual harassment, she does not specify how the harassment was aimed at her or that its unwelcome nature was known to the alleged harassers. Instead, it appears that she simply overheard conversations in her vicinity which she found offensive. While this may have been unpleasant, it is not sufficient to establish a hostile work environment because conclusory statements may not be substituted for facts under

5

*Twombly* standard.

Further, Plaintiff fails to allege that any alleged harassment was based on her gender. This is likewise fatal to her claim. Her allegations are: 1) third parties around her discussed homosexuality and 2) she overheard a sexual conversation. Plaintiff must sufficiently allege, however, that *but for her gender* she would not have been harassed. *See Williams v. General Motors Corp.*, 187 F.3d 553, 565 (6th Cir.1999). ("Thus, [i]f the nature of an employee's environment, however unpleasant, is not due to her gender, she has not been the victim of sex discrimination as a result of that environment."). None of Plaintiff's allegations, even if taken as true, show that she was subjected to harassment due to her gender. Rather, the Complaint suggests that she was offended by conversations regarding sex and/or homosexuality which occurred in her vicinity. This is insufficient.

Nor has Plaintiff adequately plead that her "workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993) (citations and internal quotation marks omitted). In *Berger v. White*, Chief Judge Heyburn discussed that discourteous, rude or insulting comments do not automatically create a hostile work environment. *Berger v. White*, 293 F.supp.2d 721 (W.D. Ky. 2003). He stated:

> Simple teasing, offhand comments, and isolated incidences, unless extremely serious, are not enough to amount to discriminatory changes in the terms and conditions of the employment, as required by the fourth element of prima facie hostile work environment.

*Id.* at 726. Although *Berger* involved a claim for racial discrimination, the analysis applies with equal force here.

In her Complaint, Plaintiff fails to plead that anything in excess of crude, discourteous or rude expressions of opinion regarding homosexuality and/or sex occurred. Overhearing conversations about homosexuality simply does not approach the "severe and pervasive" level of conduct which defines a hostile work environment.

With regard to the final element of the claim, Plaintiff does not allege that Holiday Inn was aware or should have been aware of any alleged harassment on the basis of her gender – let alone that it failed to take appropriate steps to mitigate the harassment. Indeed, she fails to connect any of her allegations to her gender at all.

Attached to her response to Defendant's dispositive motion are handwritten notes which, presumably, are meant to augment Plaintiff's claim for sexual harassment. She states, in her notes, that several people she worked with were "outspoken gay." [Docket No. 15-1, p. 1] She had very little contact with Jessica "because of her looking like a boy."*Id.* She also relates a conversation she overheard between Chrissy and Missy which was not directed to her and did not involve her. *Id.* When she first started (presumably, her job) Sandy cautioned her to be careful of who she talked to. *Id.* She also overheard a conversation about whether Christine and Missy were having a relationship. *Id.* Plaintiff also states that Christine asked her to come out to a gay bar. *Id.* Someone named Charlotte has spoken about "Brian and Phillip being gay and adopting her sister's baby." *Id.* She also complains that she witnessed Missy touching Chrissy's lower back in the "hall & meeting room." *Id.* Plaintiff stated that "Chrissy accused me of sexual harassment

7

because she wants me to [sic]." *Id.*

Again, these allegations do not present a cause of action for sexual harassment resulting from a hostile work environment. Plaintiff's notes reveal conversations she overheard which, for the most part, were not directed at her and did not involve her. The invitation to a gay bar and the isolated accusation of sexual harassment do not rise to the level of harassment contemplated by *Harris* and its progeny, to-wit, a "workplace (so) permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris*, 510 U.S. at 21. Moreover the facts submitted fail to allege a single incident which occurred on the basis of her gender.

As Plaintiff fails to sufficiently state a claim for sexual harassment on the basis of a hostile work environment, her complaint should be dismissed.

### C. The complaints fails to state a claim for discrimination upon the based upon gender.

In order to state a claim for discrimination based upon gender, Plaintiff must plead: "(1) she is a member of a protected group; (2) she was subjected to an adverse employment decision; (3) she was qualified for the position; and (4) she was replaced by a person outside the protected class, or similarly situated non-protected employees were treated more favorably." *Vincent v. Brewer*, 514 F.3d 489, 494 (6th Cir. 2007).

The only allegation potentially supporting a discrimination claim is Plaintiff's allegation that April Neal admitted to smoking "pot" "on the lot" with other housekeepers named Suzy and

8

Teresa Bradley, but they were not fired or reported to authorities." Plaintiff fails to allege that this disparate impact scenario occurred on the basis of her gender. As such, the allegations do not fall within the purview of Title VII.

Moreover, the Complaint does not specify why Plaintiff's employment was terminated. Rather, she simply alleges that she "was falsely accused of something [she] didn't due [sic] & fired." This is not enough to survive a Rule12(b)(6) motion.

In response to the instant motion, Plaintiff mentions a "favoritism" problem at the Holiday Inn but gives no detail. [Docket No. 15, p. 3]. Without any additional facts, the Court cannot interpret this general comment as a claim of discrimination.

### D. The complaints fails to state a claim for retaliation.

In order to state a claim for retaliation, Plaintiff must show: 1) that she engaged in an activity protected by Title VII; 2) the she was the subject of an adverse employment action; and, 3) that there exists a causal link between her protected activity and the adverse action of her employer. *Equal Employment Opportunity Commission v. Ohio Edison Co.*, 7 F.3d 541, 543 (6th Cir. 1993). Plaintiff's complaint fails because she did not allege that she engaged in conduct protected by Title VII. Plaintiff does not allege that she complained to Holiday Inn that she believed she was sexually harassed, nor does she allege that she engaged in any other protected activity. Again, she simply states that she "was falsely accused of something [she] didn't due [sic] & fired." This is simply not enough upon which to maintain a viable claim for retaliation.

### IV. CONCLUSION

In this case, The complaint fails to satisfy all three elements of the *Twombly* test. The

complaint fails to satisfy the first prong of the *Twombly* test because it does not contain any facts which state a claim to relief. The complaint is barren of any "facts" to support the claim of harassment, discrimination or retaliation. Under the second prong of the *Twombly* test, the complaint does not contain a recitation of the elements of a cause of action. In fact, the complaint does not even contain a formulaic recitation" of the elements of a cause of action. The complaint also fails the third prong of the *Twombly* test because it does not suggest a right to relief that rises above speculation. The complaint merely asserts "I feel I've been sexually harassed" and the Court is left to speculate as to what that conclusory allegation means.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint [Docket No. 14] be **SUSTAINED. IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket of this Court.

This 10th day of February, 2014.



Signed By:
Henry R. Wilhoit, Jr
United States District Judge